FILED

2013 NOV 15  AM 10: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY:_____

1  GEZA F. SIMON & CHRISTINA A. SIMON

2  74 CARRIAGE DRIVE.

3  FOOTHILL RANCH, CA 92610-2429

4  Cell:  949-291-6666 or 949-291-5157

5  Plaintiffs, In Pro Per

6             **UNITED STATES DISTRICT COURT**

7             **CENTRAL DISTRICT OF CALIFORNIA**

8

9  GEZA F. SIMON &                    )  Case No. SACV13-00823 JVS (PLAx)
   CHRISTINA A. SIMON                 )
10                                     )
                                       )  Hon.  JAMES V. SELNA
11                    Plaintiffs(s),   )
                                       )  **PLAINTIFFS OPPOSITION TO**
12           vs.                       )  **DEFENDANTS MOTION TO DISMISS**
                                       )  **PLAINTIFFS' SECOND AMENDED**
13  WELLS FARGO BANK N.A.;             )  **COMPLAINT; MEMORANDUM OF**
   FIRST AMERICAN TITLE INSURANCE      )  **POINTS AND AUTHORITIES**
14  COMPANY; and DOES 1 THROUGH 10     )
   INCLUSIVE,                          )
15                                     )
                                       )
16                                     )
                    Defendant(s),      )
17                                     )  DATE: DECEMBER 9, 2013
                                       )  TIME: 1:30 P.M.
18                                     )  Courtroom: 10C - SANTA ANA
                                       )
19                                     )  ACTION FILED: MAY 28 , 2013
                                       )
20                                     )
                                       )
21                                     )
                                       )
22  _____   )  Jury Trial Demanded
                                       )
23

24

25

26

27

28

# TABLE OF CONTENTS

I.      Introduction.................................................................................3

II.     Factual Background..........................................................................5

III.    Plaintiffs are not required to offer Tender............................................6

IV.    Plaintiffs Second Cause of Action Stands............................................8

V.     Plaintiffs Third Cause of Action Stands...............................................9

VI.    Plaintiffs Fifth Cause of Action Stands..............................................10

VII.   Plaintiffs RESPA Claims Stands.......... .............................................12

VIII.  Plaintiffs Have Clearly Shown the 17200 UCL...................................13

IX.   Plaintiffs are entitled to Declaratory Relief.........................................15

        Standards for Dismissal.................................................................16

        Conclusion.................................................................................18

# I.  INTRODUCTION

Through this complaint Plaintiffs will show that Defendants Wells Fargo and First American Title Insurance Company have intentionally placed the Plaintiffs ( Geza and Christina Simon) into circumstances which conveniently allows for the Defendants to move against the Plaintiffs title rights and interest in the real Property located at 74 Carriage Drive, Foothill Ranch, Ca 92610 and allows for the Defendants to use the California non-judicial foreclosure process in attempting to take disposition of the Plaintiffs title in an effort to become unjustly enriched.

Defendants unfairly and without any basis attempt to create a speculative narrative of the "***dead beat borrower***" to deflect from the specific facts alleged of Defendants' own misconduct. Defendants' attempts to divine the intent of the Plaintiff are purely speculative and form no basis for a Motion to Dismiss.

Here again, the Defendants attribute arguments to the Plaintiffs ("Geza F. Simon and Christina A. Simon; hereafter Plaintiffs or Plaintiff") that the Plaintiff has not made, and has conveniently framed these arguments in a manner to fit the cases it wishes to use to knock these arguments down.  Specifically, the Defendants falsely allege that "Plaintiff's fraudulent foreclosure claim is premised on the assertion that the Defendants have taken all the necessary care to reassure the public and the system that their actions are in compliance with the law according to California civil code 2924 through 2924k.   At no time are the Plaintiffs alleging illegal foreclosure action (the correct narrative for the Defendants actions would be that Defendants are committing illegal and fraudulent acts prior to the foreclosure action and using the non-judicial foreclosure  process to mask their illegal and fraudulent actions in order to become unjustly enriched through the disposition of the property which is the only recourse that would provide a windfall of profits for the Defendants) .  Plaintiffs have alleged and continue to allege that Defendants Wells Fargo Bank N.A. and First American Title Company have worked in concert to usher in the Plaintiffs into circumstances that would provide the means for the Defendants to claim that the Plaintiffs have defaulted on their obligations when in fact the Plaintiffs have paid the amounts that are claimed as delinquent and extra to show their good faith

1  in the process.  The Plaintiff's complaint further alleged that Defendant Wells Fargo Bank N.A

2  (hereafter; Wells) employed, hired and licensed their name to Defendant First American Title

3  Company( hereafter; First American) for collection services that were performed by the

4  Defendant First American which in turn filed the Notice of Default against the Plaintiffs, here

5  now the Plaintiffs again allege that there are no outstanding amounts due to Wells Fargo Bank or

6  First American Title for any loan payments as specified for the period of time that the

7  Defendants claim forms the basis of the Plaintiffs (borrowers) default on their obligation which

8  is secured by the Deed of Trust , in fact the Plaintiffs have overpaid for the period of time the

9  Defendants claim that the Plaintiffs were delinquent.

10         The Defendants have not shown how they have collected, processed and allocated  the

11  payments made to them for the Plaintiffs loan , on the other hand the Plaintiffs have the deposit

12  slips for every payment made to the Defendants.  The Plaintiffs' complaint with the evidence of

13  all deposits made should provide the ***Plausibility*** needed to move forward.  The Defendants

14  actions caused and created circumstances that would enable them to become unjustly enriched

15  through their illegal and fraudulent actions, a fact that has already been shown in a similar case

16  recently settled by the same Defendant Wells ***(See;  Reyes et al v. Wells Fargo Bank, N.A.;***

17  ***Case # 3:2010cv01667.)***

18              Furthermore; the Plaintiff ***does not dispute*** that they owe an amount on their alleged

19  Mortgage obligation[1].   Rather, Plaintiff disputes the Defendants illegal actions prior to the filing

20  of the foreclosure proceedings , and seeks the Court's assistance in determining  the accounting

21  for the payments collected for 15 months which have been misallocated as part of the Defendants

22  scheme to take disposition of the Plaintiffs property in order to become unjustly enriched.  The

23  Plaintiffs have sufficiently and accurately pled both plausible and factual allegations, as well as

24  legal claims, to enable their complaint to move forward.  **This is not the phase in litigation to**

25  **weigh the merits of the case.  In reviewing the sufficiency of the claims asserted, the *issue is***

26  ─────────────────────────────
    [1] However, simply because Plaintiffs do not dispute this fact, the court should not condone Wells
27  Fargo Bank N.A.'s and First American Title Insurance Companys' , fraudulent behavior and
    predatory mortgage collection practices and allow it to collect on money it was not owed. Simply
28  put, the court should not allow the defendants to trample over 200 years of well-settled property
    laws just because the "owes somebody money."

not whether Plaintiffs will ultimately prevail, but whether the Plaintiffs are entitled to offer evidence in addition to the hundreds of documents already submitted to the court to support the claims asserted (*See; Scheur v. Rhodes, 416 U.S. 232 236 (1974).*)

## II: FACTUAL BACKGROUND

On February 17 , 2004  Plaintiffs executed a promissory note ("Note") in favor of Loancity.com  ("Lender"), a California Corporation that has been suspended since 2008 and terminated ; secured by a Deed of Trust ("Deed of Trust, Mortgage", and together with the Note hereinafter "Loan") for the finance of the purchase of their home.  On or about  July 31 , 2011, Plaintiffs came into financial hardship due to business failure;  Plaintiffs inquired about assistance available for homeowners from the purported servicer at the time Wells Fargo Bank N.A. in an attempt to obtain a loan modification.  The Plaintiffs were told that they could not be assisted until they stopped paying.  Plaintiffs continued to work diligently to make payments after being told that they were not qualified through a phone call interview and were also told that whatever payments they made would show good faith and would make it a stronger case for a permanent modification ,   Plaintiffs deposited $ 2,460.37 a payment in a branch of Wells Fargo Bank on August 25, 2011.  Plaintiffs made another payment for $2,460.37 on September 6, 2011 to show their good faith.  Plaintiffs could not make the October 2011 payment, but they were told to continue paying as soon as they can so that the modification in order for the modification process to continue.  Plaintiffs with great difficulty continued to come up with the payments and made a deposit of $2,460.37 on November 18 , 2011.  Plaintiffs made subsequent payments on the following times ;   December 20, 2011 , January 17 , 2012, February 16 , 2012, March 16, 2012, April 16,2012. On or about April 2011 ,  Defendant Wells Fargo notified the Plaintiffs that their payment for a trial period was going to be $642.09 for 3 months; However; any additional payments were going to look upon as a good faith gesture. Plaintiffs proceeded with making the following payments ; $1,000.00 on May 30, 2012 for the month of June 2012 ; payment of $1,000.00 made on June 30, 2012 for July 2012 ; payment of $ 700.00 on July 31 , 2012 for August ; payment of $2,000.00 on August 30, 2012 for September 2012 ; payment of $2,481.00 on October 16 , 2012 for November 2012 ; payment of $4,963.66 on December 11,

2012 for December 2012 and finally a payment of $4,963.66 on January 11,2013 for January 2013. These payments were made in good faith beyond the 3 month term as told by Defendant Wells Fargo , in addition the Defendant filed a Notice of Default three days after being questioned about the accounting of the amounts collected. The Plaintiffs received a communication from Wells Fargo Bank or First American collection on January 2013 which showed Plaintiffs owing in excess of $15,000.00, afterwards the Plaintiffs contacted their representative and asked about the payments that were made to Wells Fargo Bank in the prior 15 months , at which time they were told to make additional payments or the Defendants will proceed with the foreclosure of the property.  Plaintiffs allege that Defendants threaten to take foreclosure action against the Plaintiffs when the Defendants knew that Plaintiffs did not owe any delinquent payments.  Plaintiffs now allege that Wells Fargo Bank, First American Title and its agents have violated [Title 12 U.S.C § 2605] by collecting and misallocating payments made to the purported servicer at the time.  Moreover ;  Defendant Wells Fargo Bank , First American Title and its agents threatened actions against the Plaintiffs in order to force the Plaintiffs into making payments which the Defendant knowingly had misallocated in order to become unjustly enriched.  Defendants filed a Notice of Default against the Plaintiffs real property with the knowledge that the Plaintiffs did not owe any payments on their loan at the time to Wells Fargo. Defendant Wells and First American have collected the funds from Plaintiffs and have placed those funds in accounts that are not shown in the Plaintiffs ledger to create a perception that the Plaintiffs are delinquent and as such Defendants have the right to take disposition of the Plaintiffs real property.

### III:  PLAINTIFFS ARE NOT REQUIREDTO OFFER TENDER

Plaintiffs are not required to Tender Obligation in this instant as it is in equitable in nature ;  Plaintiffs are not pointing out procedural shortfalls or Trustee's Sale for irregularities in sale notice .  In fact the allegation of the Plaintiffs simply states that Defendants should only file a Notice of Default or a Trustee Sale Notice when the borrowers have not meet their payment obligations as prescribed by the terms of their agreement and stated within the deed of Trust,  in this case Plaintiffs have held that all payments have been tendered and Plaintiffs have made

1    additional payments beyond the amounts due at the time towards their mortgage or loan to the

2    servicer Wells Fargo Bank.

3         Plaintiffs allege that because there are no payments due for the period of time that the

4    Defendants claim delinquencies , Defendants lack the standing and the right to file for a notice of

5    default or a notice of trustee sale as there are no outstanding amounts due to Wells Fargo Bank.

6    ("Here Plaintiff challenges the accounting of the amounts alleged to have been delinquent and

7    not any irregularity in the sale procedure.  Because the Plaintiffs are not attacking the trustee sale

8    for irregularities in the notice or sale procedure, Plaintiffs causes of action are not subject to the

9    tender requirement.") Kilpatrick v. U.S. Bank, N.A., No, 12 -CV-1740-W(NLS), 2013 WL

10   4525571, at *3(S.D. Cal Aug.26, 2013)(same); Foulkord v. Wells Fargo Fin. Cal. Inc., No.CV-

11   11-732-GHK(AJWx)(C.D. Cal May 31,2011) ("[R]equiring Plaintiff to tender the amount due on

12   his loan at this time would be illogical and inequitable given that he disputes that Wells Fargo

13   has any rights under the loan.")   In recognizing the existence of exceptions to the tender rule,

14   Defendants present this "tender" argument as though it were absolute and without exception.

15   Such a rule, if it existed, would in many instances eliminate any possibility of challenging the

16   illegal actions committed to achieve the foreclosures procedures whether the actions were taken

17   by individuals or corporate entities.   Most homeowners, even those who are not in default, do

18   not have ready access to the funds necessary to pay off the balance of their mortgages.   Thus, if

19   a home is about to be taken away through error or malfeasance, a homeowner would be unable to

20   hold onto his most precious possession.  This would be a grossly inequitable result and would

21   permit entities to foreclose on properties with impunity. *Sacchi*, WL 2533029, at *9.  Here,

22   Plaintiffs allege just such malfeasance[2].  **The court in *Vogan*, recognizing that requiring**

23   **tender would be inappropriate in just such a case as this, explained, "Plaintiffs are not**

24   **saying that U.S. Bank failed to follow the letter of California's statutory foreclosure law;**

25   **they are claiming that U.S. Bank did not have standing to foreclose in the first place.**  Thus,

26   relying on *Onofrio*,  requiring Plaintiffs' to tender the full amount of the indebtness to an entity,

27

28   [2] Tender is also not required where a borrower has claims against the beneficiary that would
     offset the amount due. *Lona*, 2011 WL 6391584, at *14. Plaintiffs Complaint pleads numerous
     violations of state and Federal law.

1  U.S. Bank, that is allegedly not the beneficiary to the Deed of Trust in order to protect Plaintiffs'

2  interest in the Property would be inequitable." *Vogan*, 2011 WL 5826016, at *7(citing Onofrio,

3  55 Cal. App. 4 th 413). Plaintiffs are therefore not required to tender.   Plaintiffs are informed

4  and allege that Wells Fargo Bank N.A. has been paid for all payments due for the period of time

5  that Defendant Wells Fargo bank N.A. claims as being the period of time the delinquency and

6  default.  Defendant Wells cannot file a foreclosure as there is no outstanding amounts due for the

7  period shown by the Defendant as the default period.

8  ## IV.   PLAINTIFFS  SECOND CAUSE OF ACTION STANDS "NEGLIGENCE"

9  Defendants owe the Plaintiffs a duty of care because of their unconventional relationship

10  with Plaintiffs.  Traditionally, a lender loaned money to a borrower and serviced the loan.

11  Here, Defendant's role "*is not conventional*" because  Wells Fargo Bank acting as the purported

12  servicer was not the original lender who loaned the monies for the Plaintiff's loan.

13  In fact; Wells Fargo Bank is registered as a financial agent with the United States Treasury for

14  the purpose of assessing and evaluating borrowers that maybe facing financial hardship; this

15  means that Defendant Wells Fargo is obligated by their contract with the United States Treasury

16  to conduct a detail due diligence in order to;  **First ; Mitigate the possible losses to the**

17  **investors which are the certificate holders of the securitized trusts that have been given**

18  **guarantees by the United states Treasury on their investments which in turn makes the tax**

19  **payers of the United States the true investors of these alleged debts.  Second;  Defendants**

20  **are obligated by law  pursuant to [15 U.S.C. 5200 et.seq.] to offer the borrower ( Plaintiffs)**

21  **the opportunity to shortsales or sell their house in a regular sales transaction to pay any**

22  **amounts due.**  Plaintiffs have never been given a response to their applications for assistance

23  from Defendant Wells or First American, instead they have been threatened to make more

24  payments into an account that has never been shown to exist in fear of being placed in a default

25  by the Defendants.    Defendants do owe a duty to the Plaintiffs as part of the most basic

26  relationship that exist between a borrower and a servicer to be treated fairly.  The relationship

27  between Defendants and Plaintiffs are not indicative of a "conventional" lender-borrower

28  relationship because Wells Fargo Bank is not receiving the benefits of Plaintiff's Note and

Mortgage. Instead, Defendants hold Plaintiff's payments for the benefit of the certificate holders and United states Treasury.   In addition, a bank may be liable in negligence if it fails to discharge its contractual duties with reasonable care. *Das v. PHH, N.A.*, 186 Cal. App.4th 727, 741(2010) *citing Chazen v. Centennial Bank*, 61 Cal.App.4th 532,537(1998).   Additionally, "[a]lender may owe a duty of care sounding in negligence to a borrower when the lender's activities exceed those of a conventional lender…" *Osei v. Countrywide Home Loans*, 692 F.Supp.2d 1240, 1249(2010).   One such instance is when the lender goes, beyond its role as a silent lender and loan servicer to offer an opportunity to Plaintiffs for loan modification and to engage with them concerning [a] trial period plan or to collect delinquent payments as a "collector". *Ansanelli v. JP Morgan Chase Bank, N.A.*, 2011 WL 1134451, at *7(N.D. Cal. March 28, 2011).   In the instant case, Plaintiff's factual allegations demonstrate Defendant's participation in Plaintiff's loan modification efforts beginning in 2011.  The Defendants collected payments under the guise of a trial loan modification period and gathered financial information for the purpose of loan modification consideration which clearly falls outside of the lenders duties. *Id.* Accordingly, by way of their complaint , Plaintiffs have alleged that Defendants went beyond its role as a conventional , silent loan servicer. "This is precisely beyond the domain of a usual money lender." See *Anaselli,* 2011 WL 1134451, at *7 (internal quotations omitted). Some courts have found a duty of care when a lender takes affirmative steps toward loan modification, such as establishing a loan modification plan with the borrower. *See Johnson v. HSBC Bank USA, N.A., No.11-cv-2091-JM-WVG,2012 WL 928433, at *4 (S.D Cal. Mar.19,2012).* In this case the Defendant as the purported lender collected funds and placed the Plaintiffs into a trial modification which later was disavowed by the Defendant.

## V. PLAINTIFFS THIRD CAUSE OF ACTION STANDS "QUASI CONTRACT"

Plaintiffs have specifically alleged Defendants were attempting to become unjustly enriched to Plaintiff's detriment by accepting, misallocating and retaining Plaintiff's payments without acquiring an interest in Plaintiffs Note and Deed of Trust and by misrepresentations of a promise which they never intended to keep for a loan modification.  California courts agree that if a Plaintiff alleges that a defendant was unjustly enriched to their detriment they are allowed to

1  seek restitution under a Quasi Contract claim.   It is clear that California courts consistently

2  permit a party to seek restitution under a variety of theories, including quasi-contract and

3  constructive trust." See *McKell v. Washington Mut. Inc.* 142 Cal. App.4th 1457, 1490 (2009);

4  *Louiseau V. VISA USA Inc., WL4542896 (S.D.Cal.2010).* "Under the law of restitution, "[a]n

5  individual is required to make restitution if he or she is unjustly enriched at the expense of

6  another. [Citations.] A person is enriched if the person receives a benefit at another's expense.

7  [Citations.] *McBride v. Boughton,* 123 Cal.App.4th 379,389(*citing First Nationwide Savings v.*

8  *Perry* (1992) 11 Cal.App.4th 1657, 1662).   Defendant(s) were unjustly enriched at Plaintiff's

9  expense by accepting payments that it had no authority to collect and misallocate by retaining all

10 payments.   The elements of an unjust enrichment claim are the "receipt of a benefit and [the]

11 unjust retention of the benefit at the expense of another." *Peterson v. Cellco Partnership,* 164

12 *Cal.App.4th 1583, 1592 (citing Lectrodryer v. SeoulBank, 77 Cal.App.4th 723,726 (2000).*

13 Plaintiffs allege that the Defendants collected and misappropriated the Plaintiffs payments on the

14 alleged debt obligation.   As, such the Defendants collected mortgage payments and retained

15 them in accounts that are not shown to be part the Plaintiffs ledger for Defendants benefit.

16 Therefore, under the unjust enrichment theory, Plaintiffs have pleaded sufficient facts that

17 Defendants are required to make restitution as a result of collecting  mortgage payments and

18 allocation of those payments into accounts that were not part of the express contract which

19 allows for such collections, the amounts collected were placed into accounts that were part of

20 third party contract which had no connection with the Plaintiffs (Borrowers account.)

21   **VI. PLAINTIFFS FIFTH CAUSE OF ACTION ACCOUNTING CLAIMS STAND**

22   A "fiduciary relationship between the parties is not required to state a cause of action for

23 accounting.   All that is required is that some relationship exists that requires an accounting."

24 *Teselle v. McLoughlin, 173 Cal. App. 4th 156,179 (2009).*   The elements for a claim for

25 accounting are:  (1) fiduciary relationship or other circumstances appropriate to the remedy; and

26 (2) a balance due from the Defendant to the Plaintiffs that can only be ascertained by an

27 accounting. See *Witkin,* California Procedure, Pleadings, section 776, p.233 (4 th ed.).

28

Defendants have held that they are the lender throughout the complaint and based on that they have argued that there is no negligence , however now they claim that there is no fiduciary relationship that would compel them to provide an accounting to the Plaintiffs.  A mortgage loan is a debt that is in a trust and the interest is held by the certificate holders of that trust, this provides the prerequisite relationship needed between the borrower and the lender which is represented by the servicer , Defendant Wells as the representative of that trust and it is shown on the Assignment of the debt to the Defendant Wells.     Generally, a homeowner makes mortgage payments to the mortgage servicer.  From there, the servicer retains a portion of the payment as servicing fee and distributes the remaining proceeds which encompass the interest and principle to the beneficiary.  Because the beneficiary can change without notice to the homeowner, the homeowner is thus left in the dark as to whom each mortgage payment is distributed.  An accounting is therefore needed for the exact reasons that this complaint has been filed for.  The Defendants confusing web of communication has made the function of accounting and the proper accountability for the amounts due to the rightful parties impossible.

Furthermore ; in this instant case the servicer (Defendant Wells Fargo) has retained all of the payments collected from the Plaintiffs for a period of 15 months without showing any accounting as to their collection of funds and distribution to the beneficiary.  Defendants actions have now caused the Plaintiffs to be placed into default and foreclosure.   Plaintiffs now re-allege that they do not any payments as it relates to the monthly payments collected from July 1, 2011 to February 1, 2013.  The Defendants have filed their foreclosure action based on payments collected and misallocated during this period.  The Plaintiffs have stopped paying their payment since March 1, 2013 as the Defendants failed to provide a valid accounting of the payments collected for a period of 15 months and have refused to furnish any evidence as to the collection of these payments.  Plaintiffs are in possession of all receipts for the payments made directly into the branches of the purported servicer Defendant Wells Fargo Bank N.A. and would provide these receipts upon the initial discovery phase pursuant to FRCP 26 (a)(1).

## VII.   PLAINTIFFS "RESPA" CLAIMS STAND

**A.**   Plaintiffs alleged RESPA violations as to the information that Plaintiffs had inquired about.   Plaintiffs asked the Defendant Wells Fargo Bank to provide a simple accounting of the facts that lead up to the filing of the Notice of default and the Trustee sale notice , which in both cases the Defendant refused to provide any information that would show the amounts due on the purported delinquencies.   Defendant First American did provide documents that were non relevant to the facts of the inquiry , however Defendant Wells served notice to the Plaintiffs that they would not provide any items that were requested unless there was a subpoena served on them.   Plaintiffs inquiry was simple and relevant to the ongoing confusion that lead up to the foreclosure proceedings.  Here again the Plaintiffs are not questioning the irregularities of the foreclosure procedure but the events leading up to the filing of the Notice of default and Notice of Sale.  Under RESPA the Plaintiffs exercised their option to inquire and collect information that would assist them with the resolution of this matter, Defendant as part of their global stance on fighting all borrowers has ignored the importance of working with the people they are suppose to serve, instead they continue to push their weight in an effort to crush all borrowers , even the borrowers that have paid their payments.  The Plaintiffs dispute is related to this kind of response and lack of care that continues to be the hallmark of the Defendants business practices.

## B.   HAMP Private Right of Action ?

Plaintiffs bring attention to the Defendants actions as it pertains to their obligations under the laws which were passed to protect the homeowners of the United States.  Pursuant to Hope for Homeowners a subsection of 15 U.S.C. 5201 et.seq. , designated financial agents are obligated to follow a clear protocol before attempting to file for foreclosure against any homeowner.  In this case the Defendant has followed the protocol set forth for disposition of title as their primary objective, this is contrary to the perimeters set forth by the treasury to protect and conserve homeownership in the United States. Defendant has a duty to follow the protocol and not to create a system that is designed to take homeownership away from good borrowers. Plaintiffs were placed in the circumstances they are today due to the Defendants lack of care and

misrepresentation as part of an ongoing and continuing method of operation that is designed to enrich the Defendant, a fact that is constantly being reaffirmed through the Defendants own admissions in multiple settlements for fraud and misrepresentation within different states. Plaintiffs have merely shown that the Defendants' actions violated a merit of laws that show a consistent and continues method of operation designed around improper means.  HAMP and its enabling statute (12 U.S.C. 5219(a)) do not contain a federal right of action, but neither do they preempt otherwise viable state claims. Also See ;  *Wigod v. Wells Fargo Bank N.A. No.11-15166 (11th Cir. April 19,2012)* , *The Court noted that the Congressional goal was "surely to prevent … banks from hoodwinking borrowers in the process [of providing foreclosure mitigation assistance]."*  Finally, the Court rejected Defendant's "novel" argument that Plaintiff's state law claims are an impermissible end-run around the lack of a private action under HAMP. The Court opined that the trial court and defendant conflated the existence of a federal private right of action and the federal preemption of state law. Specifically, the question was whether the federal law displaced remedies otherwise available under state law, *i.e.*, the preemption doctrine, which the Court already found did not apply. Accordingly, the Court held that federal law did not prevent Plaintiff from bringing state law claims.  As in this case HAMP is not designed to restrict the Plaintiffs right to assert wrongdoings by the Defendant Wells Fargo Bank N.A. but rather an opportunity to point out wrongdoings that can destroy a life time's work.

## VIII.   PLAINTIFFS HAVE CLEARLY SHOWN THE 17200 VIOLATION
### A. B. C. D

The Unfair Competition Law (UCL) is codified in California Business and Professions Code Section 17200. The UCL prohibits any unlawful, unfair, or fraudulent business practice. The UCL is written in the disjunctive, which means a business act or practice can be alleged to be all or any of the three prongs. *Berryman v. Merit Property Management, Inc.* 152 Cal.App.4th 1544, 1554(2007).

Here the Plaintiffs allege Defendant Wells Fargo Bank  and First American Title have engaged in practices that are (1) unfair, (2) likely to deceive, and (3) unlawful. Defendant has collected and misallocated Plaintiff's payments with no right to do so.  Furthermore, Plaintiffs

1   have sufficiently stated facts constituting unlawful business practices.   Geza F. Simon and

2   Christina A. Simon have alleged that Wells Fargo Bank and First American Title have engaged

3   in an unlawful business practice by violating RESPA, HAMP.   Defendant's aforementioned

4   conduct is unlawful and thus satisfies the "unlawful" prong of Cal. Bus. And Prof. Code section

5   17200.  Also, it is against public policy and substantially injurious to consumers to engage in an

6   unfair debt collection practices as Wells Fargo Bank and First American Title did here. [T]he

7   Supreme Court has not yet enunciated a legal test for unfairness in consumer actions under the

8   unfair competition law.   The courts of appeal have variously suggested that a practice is unfair if

9   it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or

10  substantially injurious to consumers, and that unfairness is determined by weighing the utility of

11  the practice against the gravity of the harm to the consumers.   *Kunert v.* Mission Financial

12  services Corp., 1 Cal. Rptr.3d 589,607(2003).   The harm to Plaintiffs and consumers in general

13  greatly outweigh defendant's unfair actions.  Bank of America also engaged in "fraudulent"

14  business practices. To state a claim for a fraudulent business practice under section 17200,

15  Plaintiffs need only demonstrate that "members of the public are likely to be deceived." *Bank of*

16  *the West v. Sup.Ct., 2 Cal. 4th 1254, 1267(1992) citing to Chern v. Bank of America, 15 Cal.3d*

17  *866,876 (1976).* Bank of America's business pattern, collecting on a debt it has no right to, is

18  extremely likely to deceive both plaintiff and the public.  The Defendants actions have been

19  unfair and shown through their agreements to settle cases with the 50 states as being one of the

20  top five violators of the servicing regulations and have admitted to major deficiencies as to their

21  servicing operations.   Plaintiffs have Standing to Bring the UCL Claims ; Plaintiffs were put

22  into a default by the Defendant Wells and First American as a result of the unfair business

23  practice of misleading people into accepting the fact that if they are late on their mortgage they

24  would be eligible for assistance from the Defendants. Furthermore; the default was not issued as

25  the result of the Plaintiffs being delinquent , but as a result of the Plaintiffs questioning the

26  Defendants improper collection and allocation of the funds paid by the Plaintiffs for the period in

27  question which the Defendant asserts as being the period of delinquency and the eventual cause

28  of the filing of the Notice of default. This case simply comes down to the fact that the Defendant

use the same method to mislead, collect and misallocate funds from many borrowers to derive at their end game of dispossessing title from homeowners for compensation.  In this instant case there are no monies due to the Defendants for the period of time that Defendants claim was the cause of the default , Plaintiffs are paid up and have proof in the form of deposit slips for 15 months of payments.  The Defendants Wells Fargo Bank N.A's and First American Title Insurances' actions are the representation of all the wrong that can happen when the parties in charge become too big to be held responsible for their actions.  Defendants have effectively used misrepresentation to induce the Plaintiffs into becoming late and thereafter have collected funds for a period of 15 months without accounting for it even though the funds were deposited first hand in their own branches and have persisted on pushing the Plaintiffs into making more payments without applying any funds and at last have proceeded to use the state of California's non judicial system as their own private and proprietary system of non-questionable means for the disposition of the Plaintiffs title for ill financial gain.  The Defendants actions are not in compliance with the law and are ongoing and continue today.

## IX.    PLAINTIFFS ARE ENTITLED TO DECLARATORY RELIEF

The foundation of Plaintiff's Complaint is a request that the court determine the rights and obligations of the parties relative to the Property after considering the facts that the foreclosure action which was initiated was the result of a collection of acts perpetrated by the Defendants that was the cause and effect of the foreclosure action being filed, what this means is that Defendants set up the Plaintiffs to take a fall in order to benefit from the subsequent events.  However; the foreclosure proceedings should have never been filed ; a fact that the Defendants are aware of as the prerequisite of a default is non-payment of the obligation which is secured by the Deed of Trust.  Plaintiffs now re-allege there are no such amounts due to the purported lender and servicer Wells Fargo bank, all amounts were paid in full for the period shown by the Defendant as the period of default, in fact there were more payments made to the purported servicer for the time that the servicer claims as being the period of default than the amounts due for the same period to the Defendant and the proof is available in the form of deposit slips which show funds being deposited on behalf of the Plaintiffs into the Defendants branches for the loan

payments obligation.  Section 2201(a) of Title 28 of the United States expressly permits a party to bring a cause of action for Declaratory relief: "*In a case of actual controversy within its jurisdiction,…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy*", between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Gas. Co v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941).  The United States Supreme Court further explained:    A justifiable controversy is thus distinguished from or dispute of a hypothetical or abstract character, from one that is academic or moot... The controversy must be definite and concrete, <u>touching the legal relations of parties having adverse legal interests</u>… it must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.  See: *Aetna life Ins. Co. Of Hartford Conn v. Haworth*, 300 U.S. 227-, 240-241, 57 SCt.461, 464(1937).  Here, Plaintiffs have alleged an actual case and controversy in connection with Defendants' actions that are present, ongoing and undoubtedly will continue in the immediate future.  In addition; Defendants have refused to respond or attempt to resolve this matter as it provides them with an opportunity to become unjustly enriched given the opportunity.

### STANDARD FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b) (6)

Motions to dismiss for failure to state claim under federal Rules of Civil Procedures, Rule 12(b) (6) are viewed with disfavor, and accordingly, dismissal for failure to state a claim are "rarely granted". *Gilligan v. Jamco Dev.Corp., 108 F.3d* 246, 249 99th Cir.1997) (citation omitted).  The standard for dismissal under Rule 12(b) (6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim unless it appears ***beyond doubt*** that the Plaintiffs can prove no set of facts in support of their claim which entitled their relief." See *Hartford Fire ins. Co v. California,* 509 U.S. 764,811 (1993) (quoting *Conley v. Gibson,* 355

U.S. 41, 45-46 (1957);*Cervantes v City of San Diego* , 5 F.3d 1273,1274 99th Cir. 1993)

(emphasis added).  The purpose of a motion under Federal Rule 12(b) (6) is a test of the formal

sufficiency of the statements of the claim for relief in the complaint.  See Rutman *Wine Co. v E.*

*& J. Gallo Winery, 829 F.2d 729,738 (9th Cir. 1987).*  The complaint must be construed in the

light most favorable to the nonmoving party and its allegations taken as true. See, Scheur v.

Rhodes, 416 U.S. 232,236(1974).  It ***is not*** a procedure for resolving a contest about the facts or

the merits of the case.  In reviewing the sufficiency of the complaint, the issue is not whether the

plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support

the claims asserted. *See, Scheur v. Rhodes, 416 U.S. 232,236(1974).*  Furthermore; recently, the

U.S. Supreme Court has held that to survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, would "state a claim to relief that is plausible on its

face." See *Bell Atlantic Corp. v. Twombly*, 55 US 544(2007).

**CONCLUSION**

The Plaintiffs complaint is well-pled and allows the Court to infer more than the mere possibility that Mr. Geza F. Simon and Mrs. Christina A. Simon are entitled to relief; in fact when the Court accepts the factual allegations as true the Court can make "*reasonable inference*" that Defendants have engaged in misconduct for which they may be liable. Although Defendants do allege "*factual*" disputes in their Motion, this is not sufficient to support this motion to dismiss. Therefore, Plaintiffs respectfully request that the Court *DENY* Defendant's Motion in its entirety. To the extent the Court dismisses any claim or allegation; Plaintiffs request the opportunity to amend their pleading to cure any deficiency, add additional causes of action or rename any causes of action. Leave to amend "should be freely given when justice so requires." In addition ; a Motion to dismiss or to strike could be avoided if the parties confer in good faith as required under L.R.7-3, especially for perceived defects in a complaint, answer or counterclaim which could be corrected by amendment. See ***Chang v. Chen,*** 80 F.3d 1293, 1296 (9th Cir.1996) where a motion to dismiss is granted , a district court should provide " *leave to amend*" unless it is clear that the complaint could not be saved by any amendment.

Date: <u>11- 15 -2013</u>



_____
GEZA F. SIMON, In Pro-per

Date: <u>11- 15 -2013</u>



_____
CHRISTINA A. SIMON, In Pro-per

1                       **PROOF OF SERVICE**

2

3       I, _Christina Simon_ (name), declare as follows. I am over the

4   age of 18 years. My address is:

5       _74 Carriage Drive_

6       _Foothill Ranch Ca._

7             _92610_

8

9       On _Nov 15, 2013_ (date), I served the foregoing document described

10  as:

11      _Plaintiffs opposition to defendants_

12      _motion to dismiss second amenended complaint_

13      _& proposed order denying defendents_

14      _motion to dismiss_

15  on all interested parties in this action by placing a true and correct copy thereof in a

16  sealed envelope, with first-class postage prepaid thereon, and deposited said

17  envelope in the United States mail in _Laguna Hills, Ca_, addressed

    to:                                      (city, state)

18

19  _Severson & Werson_ (name)     _First American_ (name)

20  _Wells Fargo Bank_ (address)     _Helena Clayton_ (address)

21  _Attn Andrew Minegar_ (address)     _Wright Finlay Zak_ (address)

22  _19000 Von Karmon Ave #_     _4665 MacArthur Ct # 280_

    _Irvine, Ca 92612  400_     _Newport Bch Ca 92660_

23  I declare under penalty of perjury that the foregoing is true and correct.

24

25  Executed on _11/15/13_      at _Santa Ana County_.

                   (date)                          (place of signing)

26

27                                           (signature)

28               _Christina Simon_ (name)